# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

The ESTATE of SYLVILLE K. SMITH, by
Personal Representative Mildred Haynes,
Patrick Smith, and Mildred Haynes, on her
own behalf,
        Plaintiffs,

      v.                                          Case No. 17-CV-862

CITY OF MILWAUKEE, WISCONSIN and
DOMINIQUE HEAGGAN-BROWN,
        Defendants.

---

## DECISION AND ORDER ON PLAINTIFFS' EXPEDITED NON-DISPOSITIVE MOTION TO COMPEL DISCOVERY

On August 13, 2016, Dominique Heaggan-Brown, then an officer of the Milwaukee Police Department (MPD), shot and killed Sylville K. Smith. Smith's parents, representing his estate, have sued the City of Milwaukee (the "City") and Heaggan-Brown under 42 U.S.C. § 1983 and state common law, alleging Fourth and Fourteenth Amendment violations and various state tort claims. Plaintiffs seek to recover from the City under *Monell v. Dept. of Soc. Serv.*, 426 U.S. 658 (1976), alleging that city customs, policies and practices caused the violations of Mr. Smith's constitutional rights.

Now before me is the plaintiffs' Local Rule 7(h) expedited non-dispositive motion to compel responses to plaintiffs' requests for production nos. 24-26, 29, and 38-46 and

interrogatories nos. 9 and 11-12. ECF No. 23. These various requests fall into the following four general categories: (1) information related to the Collaborative Reform Initiative (CRI); (2) information related to reviews or investigations conducted by the City regarding police shootings and incidents of unjustified use of force, and actions taken by policymakers to prevent or reduce such incidents; (3) information related to certain specific prior use-of-force incidents involving MPD officers; and (4) information regarding alleged sexual misconduct by Heaggan-Brown. Plaintiffs assert that these discovery requests are relevant to their *Monell* claims.

Under Federal Rule of Civil Procedure 26(b)(1), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Further, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." Fed.R.Civ.P. 26(b)(1). I have broad discretion when reviewing a discovery dispute and "should independently determine the proper course of discovery based upon the arguments of the parties." *Gile v. United Airlines Inc.*, 95 F.3d 492, 496 (7th Cir. 1996). I am to consider "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." *Patterson v. Avery Dennison Corporation*, 281 F.3d 676, 681 (7th Cir. 2002).

**1. Discovery of information related to the Collaborative Reform Initiative.**

Plaintiffs seek discovery of information related to the Collaborative Reform Initiative ("CRI"). The CRI was a project undertaken jointly by the MPD and the

2

Community Oriented Policing Services (COPS) unit of the U.S. Department of Justice (DOJ) to review policing practices in the city and to implement reforms. MPD Chief Edward A. Flynn requested the review by DOJ in 2015 amid public outcry after federal prosecutors declined to charge the MPD officer involved in a highly publicized police shooting incident. Plaintiffs have requested the following information:

- **Interrogatory No. 11** asks for the names of individuals associated with the City of Milwaukee or the Police Department who participated in the CRI and details about their participation.
- **Interrogatory No. 12** asks for information about changes made or considered to be made to City and Police Department policies, practices, recruitment and training programs as a result of the CRI.
- **Document Request No. 44** asks for "documents relating to the Collaborative Reform Initiative, including but not limited to reports prepared by the MPD or City of Milwaukee for the DOJ; reports prepared for the MPD or City of Milwaukee by the DOJ; model policies or rules provided by the DOJ; records of meetings or conference calls; and all Communications between the City or the Department, and the Department of Justice, regarding the Collaborative Reform Initiative."
- **Document Request No. 45** asks for "[a]ll Communications relating to request No. 44," including "any communications—whether by mail, e-mail, text message, or other means—between the MPD, Chief Flynn, or any other policy maker for the City of Milwaukee, concerning the Department of Justice Collaborative Reform Initiative, any reports (whether draft or

final) written by the Department of Justice, and any communications about withdrawing from the Collaborative Reform Initiative."

- **Document Request No. 46** asks for "[a]ll communications from the Department of Justice to the City or the Department regarding the possibility of a pattern-or-practice investigation into the Milwaukee Police Department."

The City objects to each of the above interrogatories and requests for documents on relevancy grounds. Plaintiffs contend that the requests above are reasonably calculated to lead to the discovery of evidence relevant to their *Monell* claims, which might include evidence that the city was on notice that the police department had a widespread practice of failure to adequately train, supervise and discipline its officers and evidence of police department policies and widespread practices in effect at the time of Sylville Smith's killing.

The City argues that its relevance objection is appropriate because the CRI addressed more than just use-of-force and deadly force issues. The City also asserts that a July 10, 2017, letter from the DOJ prohibits MPD leadership from disclosing draft documents prepared by the COPS unit or its contractor. ECF No. 25 at 1. The City has not made the letter available to the plaintiffs or to this Court and has not stated the legal authority on which the letter is premised.

Plaintiffs have shown that the requested information may lead to the discovery of admissible evidence relevant to plaintiffs' *Monell* claims. The City's argument that the CRI "addressed much more than use of force and deadly force issues" is not a

compelling reason to refuse plaintiffs' CRI discovery requests because information not directly tied to use of force or deadly violence may nevertheless yield admissible evidence (e.g., regarding hiring or disciplinary practices).

As described in the city's brief, the July 10, 2017, DOJ letter prohibits only the disclosure of "draft documents prepared by the COPS office or its contractor." ECF No. 25, at 1. Document request no. 45 is the only one of the five discovery requests listed above that references draft reports prepared by the DOJ, and such draft reports are one of several categories of documents identified in that request. The City must provide the letter to the plaintiffs so that they may assess and perhaps challenge its legal basis. Until a decision is reached regarding the validity of the letter, the City may refrain from disclosure of draft documents prepared by the COPS office or its contractor. In all other respects, I will grant plaintiff's request for discovery of information related to the CRI.

**2. Discovery of *Monell* information dated prior to 2016.**

Plaintiffs seek discovery of information related to reviews or investigations conducted by the City regarding police shootings and incidents of unjustified use of force and actions taken by policymakers to prevent or reduce such incidents. Interrogatory no. 9 requests information regarding all action taken by any policymaker to prevent or reduce the number of police shootings in Milwaukee. Document request no. 24 asks for documents relating to reviews or investigations conducted by the City regarding police shootings of civilians between 2007 and the present day. Document request no. 25 asks for documents relating to reviews or investigations regarding unjustified use of force between August 2006 and August 2016.

5

Defendants argue that the ten year scope of these requests is arbitrary and overbroad. Defendants have offered to produce information "regarding the seven (7) people shot at and five (5) people who were struck by police bullets in various incidents in 2016." ECF No. 25, at 2.

Plaintiffs argue that broader discovery is necessary in order to allow plaintiffs to make an informed decision about the scope of their claims. They propose narrowing the time frame of these discovery responses to five years before the shooting, which would include Heaggan-Brown's entire tenure as a police officer and two years before he joined the force. Plaintiffs note that, once they have obtained this information, they may be willing to consider a stipulation or agreement to narrow the issues for trial. ECF No. 23, at 12.

Plaintiffs' approach makes sense and is consistent with the broad scope of discovery contemplated by Rule 26. I will therefore grant plaintiffs' motion to compel responses to interrogatory no. 9 and document requests nos. 24 and 25; however, I will limit the temporal scope of those requests to the period between August 2011 and August 2016.

## 3. Discovery of information related to certain specific prior use-of-force incidents involving MPD officers.

Plaintiffs request information concerning three prior incidents of use-of-force by Milwaukee police officers. Document request no. 29 requests information related to Defendant Heaggan-Brown's use of force against Ronnie Martin on April 15, 2016. Document requests nos. 38-40 request information relating to the shooting of Dontre

Hamilton in 2014 by MPD Officer Christopher Manney, Manney's training and supervision, and Manney's disciplinary history. Document requests nos. 41-42 seek information relating to the 2011 incident in which Derek Williams died in the back of an MPD police car after interacting with three MPD officers, as well as the training and supervision those officers received and their disciplinary histories. Plaintiffs argue that these requests are calculated to yield information relevant to plaintiffs' *Monell* claims that the City was deliberately indifferent as a matter of MPD policy to red flags that these officers should have been supervised and disciplined to prevent in order to prevent their excessive use of force. Plaintiffs subsequently offered to narrow these discovery requests to just the investigation files of these incidents, rather than the underlying police reports and other documents. ECF No. 23, at 15, n. 3.

The City argues that these incidents are too factually dissimilar from the present case to warrant discovery. The City also argues that the fact that the MPD investigated each of the incidents after the fact means that documentation related to the incidents is irrelevant to plaintiffs' *Monell* claim.

The City's arguments here miss the point. Plaintiffs' discovery requests are calculated to yield evidence of deliberate indifference by the City *before,* not just after, the incidents cited above. In other words, plaintiffs seek evidence that the incidents might have been avoided had the MPD not ignored red flags. I will grant plaintiffs' motion to compel discovery of information related to the incidents identified above. However, because the language of the initial document requests is quite broad, I will only require disclosure of the MPD's investigation files for those incidents.

## 4. Discovery of information regarding alleged sexual misconduct by Heaggan-Brown.

Document request no. 26 requested information regarding other allegations of misconduct committed by defendant Heaggan-Brown within the scope of his employment with the City of Milwaukee. The City has produced some of Heaggan-Brown's internal and criminal investigatory files, but has refused to produce responsive documents relating to the sexual assault case in which Heaggan-Brown recently pled guilty, or related to any other sexual misconduct allegations against Heaggan-Brown. The City's position is that these incidents were not committed "within the scope" of Heaggan-Brown's employment with the City.

Plaintiffs argue that information about one incident of alleged sexual misconduct should be disclosed because the alleged incident occurred the day after the shooting and Heaggan-Brown is alleged to have discussed the shooting during the incident. Plaintiffs also argue that information about alleged incidents of sexual misconduct that occurred before the shooting should be disclosed because, if the City knew of such incidents and did not respond, then the information is relevant to plaintiffs' *Monell* claim.

I will grant plaintiffs' motion to compel discovery of information regarding sexual misconduct by Heaggan-Brown but only with respect to the alleged incident that occurred the day after the shooting. The relevance of the other incidents is insufficiently compelling to warrant discovery.

For the reasons stated above, **IT IS ORDERED** that plaintiff's motion to compel discovery (ECF No. 23) is **GRANTED IN PART** and **DENIED IN PART**, as outlined above.

Dated at Milwaukee, Wisconsin, this 17th day of April, 2018.

<u>s/Lynn Adelman</u>
LYNN ADELMAN