```
                    UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WISCONSIN
                         MILWAUKEE DIVISION
```

---

```
ESTATE OF SYLVILLE K. SMITH,            )
by Personal Representative Mildred      )
Haynes, Patrick Smith, and Mildred      )
Haynes, on her own behalf,              )
                                        )
               Plaintiff,               )   Case No. 17-CV-862
                                        )
   vs.                                  )
                                        )
CITY OF MILWAUKEE, WISCONSIN,           )   August 8, 2018
and DOMINIQUE HEAGGAN-BROWN,            )
                                        )
               Defendants.              )
```

---

**TRANSCRIPT OF TELEPHONIC HEARING**

BEFORE THE HONORABLE LYNN ADELMAN

UNITED STATES DISTRICT JUDGE

Official Court Reporter:
Richard Derrick Ehrlich, RMR, CRR
richard_ehrlich@wied.uscourts.gov
(414) 290-2642


Proceedings recorded by stenotype.
Transcript produced by computer-aided transcription.

```
 1                        A P P E A R A N C E S

 2

 3     For the Plaintiff:

 4                         Danielle O. Hamilton
                           Appearing by telephone
 5                         Loevy & Loevy
                           311 N. Aberdeen Street
 6                         3rd Floor
                           Chicago, IL 60607
 7                         312.243.5900
                           hamilton@loevy.com
 8


 9
       For the Defendants:
10
                           Jan A. Smokowicz
11                         Appearing by telephone
                           Milwaukee City Attorney's Office
12                         200 E. Wells Street
                           Suite 800
13                         Milwaukee, WI 53202
                           414.286.2601
14                         jsmoko@milwaukee.gov

15

16

17

18

19

20

21

22

23

24

25
```

1 THE COURT: I'm sorry.
2 Ms. Hamilton, we were going over the categories of
3 information that Mr. Smokowicz identified in this file, and
4 apparently there were eight categories, but in terms of the
5 discovery requests, you're interested in items from four of
6 the eight categories. Is that it?
7 MS. HAMILTON: Yes, Your Honor. If you have that
8 in front of you, I --
9 THE COURT: All right. Tell me again -- you
10 started out with the first category.
11 Go ahead. What's that?
12 MS. HAMILTON: Sure.
13 The first category is information relating to
14 other sexual assault allegations against Heaggan-Brown, and
15 this is information that is in the Internal Affairs file
16 that the department considers when deciding how to
17 investigate this case. So that's why it's important to us.
18 The second category is a chart that the department
19 created in deciding how to discipline Heaggan-Brown. They
20 created a chart of other officers who had committed other
21 misconduct, and it appears they compared Heaggan-Brown's
22 conduct to that other conduct to decide ultimately how to
23 discipline Heaggan-Brown, and there the defendants have just
24 redacted the officers' names in the chart, and the officers'
25 names are critical to us examining Chief Flynn when we take

1  his deposition.  We want to ask him, you know, in detail
2  about these officers, their allegations against them, the
3  discipline of them, what factors contributed to disciplining
4  them.  We can't do that if we don't know who the officers
5  are.  We also don't know if the officers are people who were
6  partners or people who were there at the day of the
7  shooting.  We have no idea if we don't know the name.  So
8  that's the second category.
9            The third category is information about people who
10 have been arrested by Heaggan-Brown in the year prior to the
11 sexual assault, and that is right at the time period that
12 Heaggan-Brown killed Sylville Smith.  This is eight or nine
13 months before the incident happened.  Those arrestees are
14 witnesses to -- or possibly witnesses to other misconduct by
15 Heaggan-Brown.  They might be rebuttal witnesses, they might
16 be victims of excessive force themselves, we don't know
17 because Defense counsel won't give us their names.  So
18 that's the third category.
19           And then the final category is information about
20 people who Defense counsel says were not involved as
21 witnesses to the sexual assault on the day following the
22 shooting.
23           You know, Defense counsel says that these
24 witnesses were not involved, but they're in the Internal
25 Affairs file.  So they were involved in some way.  The

1  department talked to these people, investigated these
2  people, in some way related to the sexual assault
3  allegation. So we can't just take Defense counsel's word
4  for it that these people are not related. They're in the
5  file. There's no reason why we can't know who they are.
6  There's no reason why we can't know what they sent.
7        Defense counsel just didn't redact their names,
8  they redacted the statement that they made. They could've
9  made statements about Heaggan-Brown, they could've made
10 statements about the sexual assault victim here, we have no
11 idea because all the information has been redacted.
12       THE COURT: All right. Based on all the papers
13 that have been filed in the argument today, as to those four
14 categories, those four requests, I'm going to grant the
15 plaintiff's motion for discovery.
16       I think that, as we all know, the discovery
17 standards are broad, and it seems to me that they made a
18 pretty strong argument that this could lead to information
19 that's relevant. And I also emphasize that there is a
20 protective order, so none of this stuff is going to be
21 disclosed, and it's a limited amount of the material that
22 Mr. Smokowicz has identified. So plaintiff's motion is
23 granted to that extent.
24       MS. HAMILTON: Thank you, Your Honor.
25       THE COURT: All right. Anything else?

1       MR. SMOKOWICZ:  Judge, just a heads-up.  The
2  paralegal who knows everything about un-redacting things is
3  out a few days here this week, so it may take a couple days
4  to get this out to them.
5       THE COURT:  Okay.  All right.
6       Do you understand that, Ms. Hamilton?
7       MS. HAMILTON:  Yes.
8       THE COURT:  All right.  Very good.  Thank you.
9       MR. SMOKOWICZ:  Thank you, Judge.
10      THE COURT:  Okay.
11      MS. HAMILTON:  Thank you, Judge.
12      (Hearing concluded.)

C E R T I F I C A T E

I, Richard D. Ehrlich, a Registered Merit Reporter and Certified Realtime Reporter, certify that the foregoing is a true, complete, and accurate transcript of the proceedings ordered to be transcribed in the above-entitled case before the Honorable Lynn Adelman, in Milwaukee, Wisconsin, on August 8, 2018.

s/Richard D. Ehrlich   August 28, 2018
_____
Richard D. Ehrlich, Official Court Reporter