IN THE UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
WISCONSIN

| | |
|---|---|
| The ESTATE OF SYLVILLE K. SMITH, by Personal Representative Mildred Haynes, Patrick Smith, and Mildred Haynes, on her own behalf,<br><br>   Plaintiffs,<br><br>v.<br><br>CITY OF MILWAUKEE, WISCONSIN and DOMINIQUE HEAGGAN-BROWN,<br><br>   Defendants. | No. 17-cv-862<br><br>JURY TRIAL DEMANDED |

# EXHIBIT 17

Ronnie Martin v. Dominique Heaggan-Brown, et al. Complaint

David B. Owens
Danielle Hamilton
LOEVY & LOEVY
311 N. Aberdeen St, Third FL
Chicago, IL 60607
(312) 243-5900

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| RONNIE MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action Case No. 16-1702 |
| v. ) | |
| ) | |
| DOMINIQUE HEAGGAN-BROWN, ) | |
| Individually, and in his Capacity as ) | |
| as Police Officer for the City of ) | |
| Milwaukee; ) | |
| ) | |
| PETER R. HAUSER, Individually, and in ) | |
| his Capacity as Deputy Police Officer for ) | |
| the City of Milwaukee; ) | **COMPLAINT** |
| ) | |
| CITY OF MILWAUKEE, ) | |
| ) | |
| ABC INSURANCE COMPANY ) | |
| ) | |
| Defendants. ) | |

NOW COMES the Plaintiff, Ronnie Martin, by and through his attorneys, Nistler Law Office, s.c., by Brent D. Nistler and Shauna D. Manion, and for his Complaint alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is a Civil Rights action under 42 U.S.C. § 1893, as well as an action for violations of state laws arising under the same series of transactions, as a result of Defendants' use of excessive force and other wrongful acts occurring in the City of Milwaukee on April 15, 2016 and thereafter.

2. The individual Defendants are named individual and official capacities.

3. The Defendant City of Milwaukee is named as a result of the individual Defendants' actions within the course and scope of their authority, and pursuant to Wis. Stat. §895.46.

4. On April 15, 2016, Plaintiff Ronnie Martin was injured by Milwaukee Police Officers Dominique Heaggan-Brown and Peter R. Hauser at or around 4302 West Capitol Drive, Milwaukee Wisconsin. Said officers used excessive, unreasonable and unjustified force on Defendant including but not limited to unnecessarily "tasing" Defendant and unreasonably strip searching Defendant. This lawsuit seeks redress under federal and state law for the damages caused by the Defendants' acting in concert and under color of law, acting willfully, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable cause of their acts, without lawful justification or reason. Such actions were designed to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights as guaranteed under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free from an unreasonable seizure of his person and the right to be free from the use of excessive unreasonable and unjustified force.

**JURISDICTION & VENUE**

5. Plaintiff brings this action under 42 U.S.C. § 1983 for the depravation of civil rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, the State of Wisconsin Constitution, and other claims which arise out of state laws.

6. This Court has jurisdiction under 28 U.S.C. § 1331, § 1343(a)(3)(4), and § 1367(a).

7. Venue is proper in the Eastern District of Wisconsin pursuant to 28 U.S.C. §1391 because the events giving rise to this cause of action all occurred within this District.

8. This case presents an actual case in controversy arising under the Fourth and Fourteenth Amendments to the Constitution of the United States. This case also arises under the provisions of 42 U.S.C. §§ 1983 and 1988.

**PARTIES**

9. Plaintiff Ronnie Martin is a citizen and resident of the United States, domiciled in Milwaukee County, State of Wisconsin.

10. At all times relevant, upon information and belief Defendant Dominique Heaggan-Brown was a resident of Milwaukee County, State of Wisconsin, and was acting in his capacity as a Police Officer for the City of Milwaukee and was acting under the color of state law. He is named in both his individual and official capacities.

11. At all times relevant, upon information and belief Defendant Peter R. Hauser was a resident of Milwaukee County, State of Wisconsin, and was acting in his capacity as a Police Officer for the City of Milwaukee and was acting under the color of state law. He is named in both his individual and official capacities.

12. For all pertinent dates and times, the Defendants Heaggan-Brown and Hauser were employed as a police officers for the City of Milwaukee, a municipal corporation and governmental subdivision of the State of Wisconsin, and acted under color of law and authority of the statutes, ordinances, regulations, customs and usages of the City of Milwaukee, and State of Wisconsin, and acted within the scope of their employment and under the authority of his position as police officers for the City of Milwaukee.

13. The City of Milwaukee is a defendant to this action as an indemnitor to Officers Heaggan-Brown and Hauser, and pursuant to Wis. Stat. §895.46.

14. ABC Insurance Company, an unknown insurance company at this time, is a defendant to this action as an indemnitor and insurer to Officers Dominique Heaggan-Brown and Peter R. Hauser and/or the City of Milwaukee.

## FACTUAL BACKGROUND

15. On or about April 15, 2016, Plaintiff was a passenger in a black Volkswagen Passat vehicle. The vehicle stopped at a gas station located at or around 4302 West Capitol Drive, Milwaukee Wisconsin, around 5:25pm.

16. While the driver went inside the gas station, two Milwaukee Police Department ("MPD") Officers, later identified as Dominique Heaggan-Brown and Peter R. Hauser, pulled up on either side of the vehicle on bicycles.

17. Plaintiff believed the officers wished that he move the vehicle, so he began to slide from the passenger's seat to the driver's seat. Plaintiff used his hands to slide over the console to the driver's seat, keeping them in plain view.

18. As Plaintiff began to slide to the driver's side, Officer Hauser opened the car door, grabbed Plaintiff in an aggressive manner, pulled him out of the car and threw him onto the ground outside.

19. Officer Hauser threw him to the ground so hard, Plaintiff briefly blacked out.

20. Plaintiff did not move from the ground or attempt to fight Defendant Officers, but while Plaintiff was laying on the ground disabled and stunned, Officer Heaggan-Brown and Officer Hauser tased him.

21. In violation of Milwaukee Police Department policies, Officers did not turn on their body cameras as they initiated contact with Plaintiff. Officer Heaggan-Brown only turned on his body camera after he had already tased Plaintiff.

4

22. Despite the fact that Plaintiff used his hands to slide to the driver's seat, Officer Heaggan-Brown also claimed to have seen Plaintiff put drugs down his pants. This contradicts Officer Hauser's recollection, who did not report seeing Plaintiff's hands near his pants.

23. Officers took Plaintiff into custody and brought him to St. Joseph Hospital and to the Milwaukee Police station to strip search him.

24. The search was performed in the presence of supervising Officer Novak. Plaintiff was not asked, but was directed to remove all of his clothing and spread his buttocks for Officers to view.

25. No drugs were discovered on Plaintiff.

26. Upon information and belief, Plaintiff did not move his hands near his pants prior to arrest and Officers lacked probable cause for the strip search.

27. The Milwaukee District Attorney reviewed this case, and declined to charge Plaintiff with any wrongdoing.

## COUNT 1

### VIOLATION OF FOURTH AND FOURTEENTH AMENDMENTS

28. Plaintiff hereby realleges and reasserts the above paragraphs as if fully set forth herein.

29. In committing the acts complained herein, Defendants acted jointly and under color of state law to deprive Plaintiff of his clearly established constitutionally protected rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, including but not limited to freedom from unreasonable seizure; the right to be free from unreasonable searches; freedom from the use of unreasonable, unjustified and excessive force; freedom from deprivation of liberty and property without due process of law; freedom from summary

5

punishment; freedom from the prevention of officers from using excessive force; and freedom from arbitrary governmental activity which shocks the conscience of a civilized society.

30. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of state law and conducted an unreasonable seizure of Plaintiff and utilized unnecessary, unjustified, unreasonable and excessive force.

31. The Officer Defendants' actions were not objectively reasonable under the circumstances based on the perspective of a reasonable officer at the scene.

32. Further, the acts or conduct committed by the Officer Defendants against Plaintiff occurred in the presence of each other and the Officer Defendants further violated Plaintiff's constitutional rights by failing to intervene and prevent the violation of Plaintiff's constitutional rights by fellow officers.

33. Both Officer Defendants knowingly and deliberately conspired to deprive Plaintiff of his civil rights.

34. As a direct and proximate result of the violation of his constitutional rights by the Defendants, Plaintiff suffered damages as alleged in this Complaint and his August 10, 2016 Notice of Claim, Notice of Injury, and Itemized Statement of Relief, which is incorporated in full and attached hereto as Exhibit A, and Plaintiff is entitled to such relief under 42 U.S.C. § 1983.

## COUNT 2

### CRUEL AND UNUSUAL PUNISHMENT – EIGHT AMENDMENT

35. Plaintiff hereby realleges and reasserts above paragraphs as if fully set forth herein.

36. Pursuant to the Eight Amendment of the United States Constitution, Plaintiff was entitled to be free from cruel and unusual punishment.

37. The Officer Defendants engaged in extreme and excessive cruelty to Plaintiff, and as described above, constituted cruel and unusual punishment.

38. The actions of the Officer Defendants constituted unnecessary and wanton infliction of pain and suffering and were extreme and excessive cruelty.

39. The Officer Defendants acted maliciously by undertaking, without just cause or reason, a course of action intended to cause extreme pain and suffering.

40. As a direct and proximate result of the violation of his constitutional rights by the Defendants, Plaintiff suffered damages as alleged in this Complaint and his August 10, 2016 Notice of Claim, Notice of Injury, and Itemized Statement of Relief, which is incorporated in full and attached hereto as Exhibit A, and Plaintiff is entitled to such relief under 42 U.S.C. § 1983.

41. Plaintiff seeks the award of his costs of litigation and reasonable attorney's fees for the pursuit of this claim.

## COUNT 3

### STATE LAW CLAIM FOR FALSE IMPRISONMENT / FALSE ARREST

42. Plaintiff hereby realleges and reasserts the above paragraphs as if fully set forth herein.

43. The Officer Defendants acted with the intent to confine and arrest the Plaintiff.

44. The Officer Defendants acted with ill-will, bad motive, and/or malice.

45. The Officer Defendants knew there was a lack of legal authority to arrest the Plaintiff.

46. The Officer Defendants' intentional actions resulted in the Plaintiff's liberty being restrained or restricted against his free will.

7

47. The Plaintiff suffered direct, proximate, and/or consequential injuries as a result of the Officer Defendants' actions and/or inactions.

## COUNT 5

### STATE LAW TORT CLAIM

48. Plaintiff hereby realleges and reasserts the above paragraphs as if fully set forth herein.

49. The Officer Defendants acted willfully and wantonly when they knew or should have known in light of the surrounding circumstances that their conduct would naturally and probably result in emotional distress and bodily harm to Plaintiff, and continuing such conduct with reckless disregard of the consequences.

50. The Officer Defendants' conduct was so outrageous in character and so extreme in degree as to go beyond all bounds of decency and should be regarded as atrocious and utterly intolerable in a civilized society.

51. As a direct and proximate result of the outrageous conduct by the Defendants, Plaintiff has been harmed in an amount to be determined at trial.

## COUNT 6

### STATE LAW BATTERY CLAIM

52. Plaintiff hereby realleges and reasserts the above paragraphs as if fully set forth herein.

53. The Officer Defendants acted with the intent to cause harmful or offensive conduct to Plaintiff and acted with the intent to create apprehension of some harmful of offensive contact with him.

54. Harmful or offensive contact with Plaintiff resulted.

8

55. As a result of the Officer Defendants outrageous conduct Plaintiff as ben harmed in an amount to be determined at trial.

## COUNT 8

## PUNITIVE DAMAGES

56. Plaintiff hereby realleges and reasserts the above paragraphs as if fully set forth herein.

57. That the above-described actions and/or inactions by Officer Defendants constitute an intentional disregard for the rights of the Plaintiff as granted by the United States Constitution, thereby entitling him to punitive damages.

## PRAYER FOR RELIEF

Plaintiff demands the following relief:

a. Damages in the amount to be determined at trial, but not less than $100.00;

b. Punitive damages in an amount to be determined at trial;

c. Reasonable costs and attorney's fees;

d. A jury to try this case;

e. Any other relief the Court deems just and proper.

Dated this 23rd day of December, 2016.

/s/
Brent Nistler (SBN 1033990)
Shauna Manion (SBN 1091704)
Attorneys for Plaintiff
**Nistler Law Office, s.c.**
7000 W. North Ave.
Wauwatosa, WI 53213
ph 414.763.1147
fax 414.988.9572
bnistler@nistlerlaw.com
smanion@nistlerlaw.com