IN THE UNITED STATES DISTRICT
COURT EASTERN DISTRICT OF
WISCONSIN

| | | |
|---|---|---|
| The ESTATE OF SYLVILLE K. SMITH, by Personal Representative Mildred Haynes, Patrick Smith, and Mildred Haynes, on her own behalf, | ) ) ) ) ) | No. 17-cv-862 |
| Plaintiffs, | ) ) | JURY TRIAL DEMANDED |
| v. | ) ) ) | |
| CITY OF MILWAUKEE, WISCONSIN and DOMINIQUE HEAGGAN-BROWN, | ) ) ) | |
| Defendants. | ) | |

# EXHIBIT 34

Defendant City of Milwaukee's Responses to Plaintiffs' First Set of Requests to Admit

David B. Owens
Danielle Hamilton
LOEVY & LOEVY
311 N. Aberdeen St, Third FL
Chicago, IL 60607
(312) 243-5900

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

THE ESTATE OF SYLVILLE K. SMITH, et al.,

    Plaintiffs,

v.                                                  Case No. 17-CV-862

CITY OF MILWAUKEE,
and DOMINIQUE HEAGGAN-BROWN,

    Defendants.

---

**DEFENDANT CITY OF MILWAUKEE'S RESPONSES
TO PLAINTIFFS' FIRST SET OF REQUESTS TO ADMIT**

---

    **NOW COMES** defendant City of Milwaukee, by their attorney, Grant F. Langley, City Attorney, by Jan A. Smokowicz, Deputy City Attorney, by Naomi E. Gehling, Assistant City Attorney, and as and for their answer to plaintiff's First Set of Requests to Admit as follows:

    1.    Dominique Heaggan-Brown acted consistently with the policies, customs, and practices of the Milwaukee Police Department at all times during the shooting and killing of Sylville Smith.

    **CITY RESPONSE NO. 1: Objection, this request is vague. Subject and notwithstanding said objection, admit that his actions with respect to the use of force were consistent with the policies, customs, and practices of the Milwaukee Police Department.**

    2.    Dominique Heaggan-Brown did not act consistently with the policies, customs, and practices of the Milwaukee Police Department at all during the shooting and killing of Sylville Smith.

**CITY RESPONSE NO. 2:** Objection, this request is vague. Subject and notwithstanding said objection, deny that his actions with respect to the use of force were inconsistent with the policies, customs, and practices of the Milwaukee Police Department.

3. Dominique Heaggan-Brown acted consistently with the policies, customs, and practices of the Milwaukee Police Department at all times during the Ronnie Martin taser shooting incident.

**CITY RESPONSE NO. 3:** Objection, this request is vague. Subject and notwithstanding said objection, admit that his actions with respect to the use of force were consistent with the policies, customs, and practices of the Milwaukee Police Department.

4. Dominique Heaggan-Brown did not act consistently with the policies, customs, and practices of the Milwaukee Police Department at all times during the Ronnie Martin taser shooting incident.

**CITY RESPONSE NO. 4:** Objection, this request is vague. Subject and notwithstanding said objection, deny that his actions with respect to the use of force were inconsistent with the policies, customs, and practices of the Milwaukee Police Department.

5. Dominique Heaggan-Brown's failure to ever acknowledge approximately half of the Milwaukee Police Department's Standard Operating procedures as depicted on the document Batesstamped [sic] MPD DHB 1460-1463 during his three-year tenure as a police officer was a not departure from the Milwaukee Police Department's policies, practices, and customs.

**CITY RESPONSE NO. 5:** Objection, this request is vague. Subject and notwithstanding said objection, unable to admit or deny.

6. Dominique Heaggan-Brown's failure to ever acknowledge approximately half of the Milwaukee Police Department's Standard Operating Procedures as depicted on the document Batesstamped [sic] MPD DHB 1460-1463 during his three-year tenure as a police officer was a not departure from the Milwaukee Police Department's policies, practices, and customs.

**CITY RESPONSE NO. 6: Objection, this request is vague and duplicative. Subject and notwithstanding said objection, unable to admit or deny.**

7. Before he shot and killed Sylville Smith, Dominique Heaggan-Brown knew that during his time working at the Milwaukee Police Department no Milwaukee Police officer had been found by the Milwaukee Police Department to have been unjustified in shooting a citizen.

**CITY RESPONSE NO. 7: Objection, this request is vague. Subject and notwithstanding said objection, deny that Heaggan-Brown had such knowledge.**

8. Before he shot and killed Sylville Smith, Dominique Heaggan-Brown knew of no Milwaukee Police officer who had been found by the Milwaukee Police Department to have used excessive deadly force.

**CITY RESPONSE NO. 8: Objection, this request is vague. Subject and notwithstanding said objection, admit that Heaggan-Brown had such knowledge.**

9. No MPD officer has been given any formal discipline as a result of being on the Use of Force Outliers List.

**CITY RESPONSE NO. 9: Admit.**

10. Before he shot and killed Sylville Smith, Dominique Heaggan-Brown knew that during his time working at the Milwaukee Police Department no Milwaukee Police officer had been disciplined by the Milwaukee Police Department as a result of being on the Use of Force Outliers List.

**CITY RESPONSE NO. 10: Objection, this request is vague. Subject and notwithstanding said objection, deny that Heaggan-Brown had such knowledge.**

11. No MPD officer has been given any formal re-training as result of being on the Use of Force Outliers List.

3

**CITY RESPONSE NO. 11: Admit.**

12. Before he shot and killed Sylville Smith, Dominique Heaggan-Brown knew that during his time working at the Milwaukee Police Department no Milwaukee Police officer had received formal re-training by the Milwaukee Police Department as a result of being on the Use of Force Outliers List.

**CITY RESPONSE NO. 12: Objection, this request is vague. Subject and notwithstanding said objection, deny that Heaggan-Brown had such knowledge.**

13. The Milwaukee Police Department's decision not to take any disciplinary action against Dominique Heaggan-Brown as a result of being on the Use of Force Outliers List was consistent with the policies, practices, and customs of the Milwaukee Police Department.

**CITY RESPONSE NO. 13: Objection, this request is vague. Subject and notwithstanding said objection, admit.**

14. The Milwaukee Police Department's decision not to take any disciplinary action against Dominique Heaggan-Brown as a result of being on the Use of Force Outliers List was inconsistent with the policies, practices, and customs of the Milwaukee Police Department.

**CITY RESPONSE NO. 14: Objection, this request is vague. Subject and notwithstanding said objection, deny.**

15. Dominique Heaggan-Brown's decision to shoot Sylville Smith was objectively unreasonable.

**CITY RESPONSE NO. 15: Deny.**

16. Dominique Heaggan-Brown intentionally fired two separate shots at Sylville Smith.

**CITY RESPONSE NO. 16: Admit.**

17. Dominique Heaggan-Brown lied to the Department of Criminal Investigation investigators about why he shot Sylville Smith a second time.

4

**CITY RESPONSE NO. 17: Deny.**

18. Dominique Heaggan-Brown's statement to the Department of Criminal Investigation contains inaccuracies.

**CITY RESPONSE NO. 18: Objection, this request is vague. Subject and notwithstanding said objection, admit that, because portions of the statement contain beliefs, assumptions and guesses on the part of Heaggan-Brown, the statement may contain some inaccuracies.**

19. Dominique Heaggan Brown's statement to the Department of Criminal Investigation does not contain any inaccuracies in any way.

**CITY RESPONSE NO. 19: Objection, this request is vague. Subject and notwithstanding said objection, deny because portions of the statement contain beliefs, assumptions and guesses on the part of Heaggan-Brown, and therefore, may contain some inaccuracies.**

20. The Milwaukee Police Department inadequately monitored Dominique Heaggan-Brown's actions.

**CITY RESPONSE NO. 20: Objection, this request is vague. Subject and notwithstanding said objection, deny.**

Dated at Milwaukee, Wisconsin this 20th day of January, 2019.

GRANT F. LANGLEY
City Attorney

/s/ Naomi E. Gehling
Naomi E. Gehling
Assistant City Attorney
State Bar No. 1061388
Jan A. Smokowicz
Deputy City Attorney
State Bar No. 1008429
Attorneys for Defendants

P.O. Address:
800 City Hall
200 East Wells Street
Milwaukee, WI 53202
Tel.: (414) 286-2601
Fax: (414) 286-8550
E-mail: ngehli@milwauke.gov
        jsmoko@milwaukee.gov

1032-2017-1371/255839

6