IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

| | |
|---|---|
| The ESTATE of SYLVILLE K. SMITH, by Personal Representative Mildred Haynes, Patrick Smith, and Mildred Haynes, on her own behalf. | No. 2:17 cv 862-LA |
| Plaintiffs, | Hon. Lynn Adelman, presiding |
| v. | |
| CITY OF MILWAUKEE, WISCONSIN AND DOMINIQUE HEAGGAN-BROWN, | JURY TRIAL DEMANDED |
| Defendants. | |

_____

## MOTION TO CERTIFY DEFENDANT HEAGGAN-BROWN'S INTERLOCUTORY APPEAL AS FRIVOLOUS

Plaintiffs, by and through their counsel, respectfully move this Court for an order certifying Defendant Heaggan-Brown's interlocutory appeal as frivolous, stating:

**Introduction**

On October 18, 2019, this Court denied Defendant Heaggan-Brown's motion for summary judgment, recognizing that many facts in this case are in dispute. Memorandum Order, Dkt. 59. For example, Heaggan-Brown disputes why he attempted to interact with Sylville Smith in the first place, asking this Court to ignore the radio transmissions that preceded the chase and the fact that video shows him jumping out of his car with his service weapon drawn. *Id.* at 2-3 & n.2. Likewise, Heaggan-Brown claims that Smith posed a threat to him before the first shot, but this Court recognized that "Smith's precise physical movements, from falling near the fence to Heaggan-Brown firing the first shot, are disputed." *Id.* at 4. Plaintiff contends Smith was

1

attempting to flee and disarm himself; Heaggan-Brown contends otherwise. *Id.* Of course, the most significant aspect of this case—the second, fatal shot fired by Heaggan-Brown—is a matter of extreme dispute. Heaggan-Brown was charged with homicide for this gunshot. And, Plaintiffs' claim is that he has *lied* about why he shot Sylville Smith laying on the ground, subdued with his hands over his head. Dkt. 51, at 24-26. Then, this Court found Heaggan-Brown's contention about the "waistband" is not persuasive at summary judgment because what "is clear from the footage . . . is that Smith was prone and subdued in the moments leading up to Heaggan-Brown pulling the trigger for the second shot." Dkt. 59, at 11. In other words, this Court's ruling essentially provides that a reasonable jury could simply find that Heaggan-Brown was lying, and that the video support's Plaintiff's contention. Perhaps recognizing the futility of his "waistband" story, while in prison during his deposition, Heaggan-Brown now appears to have abandoned this claim (though his attorneys, at summary judgment, did not). *See id.* at 27,¶87. Whatever the story, it is contrary to the findings this Court made at summary judgment.

To put it mildly, Heaggan-Brown has refused to accept Plaintiff's version of events, as he must.[1] He has refused to accept the inferences in Plaintiffs' favor, again as he must. *See Stinson v. Gauger*, 868 F.3d 516, 528 (7th Cir. 2015) (en banc). And, he has asked this Court to blindly accept his self-serving and shifting narrative despite the fact that Smith is deceased; something this Court recognized would be improper. *See* Dkt. 59, at 13-14 (collecting cases). Accordingly, this Court was correct to deny Heaggan-Brown's motion for summary judgment. *See Dufour-Dowell v. Cogger*, 152 F.3d 678, 680 (7th Cir. 1998) (holding defendant "cannot seek pretrial

---
[1] *See Scott v. Harris*, 550 U.S. 372, 378 (2007) (At summary judgment, "courts are required to view the facts and draw reasonable inferences "in the light most favorable to the party opposing the [summary judgment] motion," which "usually means adopting . . . the plaintiff's version of the facts"); *Weinmann v. McClone,* 787 F.3d 444, 449 (7th Cir. 2015) ("Our task is to determine, under [Plaintiff's] version of the facts, if [the Defendant Officer] was objectively reasonable in his belief that his life was in danger."); *Payne v. Pauley*, 337 F.3d 767, 778 (7th Cir. 2003) (same).

2

refuge behind a claim of qualified immunity," and raising such a defense "in the face of disputed facts that control the answer to the question is a waste of everybody's time.").

Now, despite the absence of a final judgment, Heaggan-Brown has appealed; seeking to preclude ultimate adjudication of this matter for the foreseeable future. Dkt. 61. This Court should prevent this maneuver, and has a strong legal basis to do so under *Apostol v. Gallion*, 870 F.2d 1335, 1338-40 (7th Cir. 1989), which provides that litigants, who contest the opposing party's version of events and facts found at summary judgment or seek otherwise frivolous interlocutory review of district court orders cannot disrupt the operations of the courts. Instead, this Court can certify the appeal as frivolous and proceed to trial. Heaggan-Brown is such a litigant: he refuses to accept, and fundamentally opposes, the facts this Court found precluded summary judgment. In that position, he cannot turn around and then ask the Court of Appeals for immediate review. His appeal is frivolous, and the Court should certify it as such, retain jurisdiction over the case, and proceed to trial.

## Discussion

### I. Defendants Who Contest Plaintiff's Facts Cannot Seek Immediate Review from the Denial of Summary Judgment

Appeals as of right in the federal courts are limited to "appeals from all final decisions of the district courts of the United States …." 28 U.S.C. § 1291; *see, e.g.*, *Will v. United States*, 389 U.S. 90, 96 (1967) ("All our jurisprudence is strongly colored by the notion that appellate review should be postponed, except in certain narrowly defined circumstances, until after final judgment has been rendered by the trial court."); *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 203 (1999). Because the Court's order on Defendant Heaggan-Brown's motion for summary judgment is an interlocutory order, it is not appealable.

Because the order is not a final judgment, the only jurisdictional basis available for Defendants' appeal is the collateral order doctrine established in *Cohen v. Beneficial Loan Corp.*, 337 U.S. 541, 546 (1949). Under that doctrine, a defendant can file an interlocutory appeal of the denial of qualified immunity. *Mitchell v. Forsyth*, 472 U.S. 511, 522 (1985). But, such an appeal has two important limitations: (1) a defendant cannot stop district court proceedings by simply asserting a frivolous interlocutory appeal; and (2) a defendant cannot immediately appeal a district court order denying qualified immunity where the Defendant disputes the facts the Court found at summary judgment. *See also Behrens v. Peltier*, 516 U.S. 299, 310-11 (1996); *Johnson v. Jones*, 515 U.S. 304 (1995); *Koh v. Ustich*, 933 F.3d 836, 843 (7th Cir. 2019) ("Consideration of any factual questions is outside our jurisdiction." (citing *Hurt v. Wise*, 880 F.3d 831, 839 (7th Cir. 2018), *abrogated on other grounds by Lewis v. City of Chicago*, 914 F.3d 472 (7th Cir. 2019)).

The Seventh Circuit has repeatedly maintained that this rule—derived from *Johnson*—limiting the availability of interlocutory qualified immunity appeals precludes jurisdiction over appeals that, like Heaggan-Brown's, are premised on a fundamental disagreement with the facts. *See, e.g.*, *Gutierrez v. Kermon*, 722 F.3d 1003, 1010 (7th Cir. 2013) (explaining that "an appellant challenging a district court's denial of qualified immunity effectively pleads himself out of court by interposing disputed factual issues in his argument"). In *Stinson*, sitting *en banc*, the Seventh Circuit, made clear that it did not have jurisdiction to consider an appeal where the defendants' "fail to take all the facts and inferences in the summary judgment record in the light most favorable to [Plaintiff], and their arguments dispute the district court's conclusions of the sufficiency of the evidence on questions of fact." 868 F.3d at 528.

The Seventh Circuit has also maintained this line in cases, like this one, involving allegations of excessive deadly force, despite an officer's attempt to invoked qualified immunity

4

while simultaneously contesting the facts. In *White v. Gerardot*, 509 F.3d 829, 833 (7th Cir. 2007), the Court dismissed an interlocutory appeal from the denial of qualified immunity because the defendant refused to accept the plaintiff's facts, and the facts found by the District court, because appellate jurisdiction required a defendant to make an argument that "does not depend on disputed facts." Thus, interlocutory appeal is also improper when the appellant's supposedly legal arguments "are dependent upon, and inseparable from, disputed facts." *Id.* at 835.

Likewise, in affirming *White*, the Seventh Circuit recently dismissed another deadly force case in a manner analogous to the situation here:

> *White* illustrates this rule in a very similar case (except that the suspect in that case died from the officer's shot). In *White* the defendant officer claimed that he feared for his life because he believed the suspect had a gun and, despite the officer's commands to raise his hands, moved his hands in front of him "as if he were reloading his gun." *Id.* at 834. The plaintiff, however, offered testimony that the suspect was neither armed nor disobeying orders when the officer shot him. The district court denied summary judgment based on qualified immunity because of the disputed factual issues.

*Gant v. Hartman*, 924 F.3d 445, 449 (7th Cir. 2019). As the *Gant* court put it: "The defendant's reliance on disputed facts in *White* barred appellate jurisdiction" because a defendant "must 'refrain[ ] from contesting any fact that a reasonable jury could resolve against him.'" *Id.* (quoting *Rainsberger v. Benner*, 913 F.3d 640, 643 (7th Cir. 2019)).

Recognizing that litigants—like Heaggan-Brown—may attempt to take interlocutory appeals even where there is clearly no jurisdiction, the Seventh Circuit has endorsed a procedure whereby the District Court can certify an appeal as frivolous or beyond the Court's jurisdiction, and then proceed to trial. *Apostol*, 870 F.2d at 1339. For example, where disposition is so plainly correct that nothing can be said on the other side, where a defendant seeks to raise an issue forfeited or waived below, certification is appropriate so that the parties can "get on with the trial." *Id.* In this context, "frivolous" does not imply that the defendant has no argument in the

sense of Rule 11; instead, the type of frivolous is the fact that the appeal lacks jurisdiction under *Johnson* and the other Seventh Circuit authorities just discussed prohibiting a defendant from contesting the plaintiffs' facts and those found by this Court.

District courts in this Circuit, and beyond, have accordingly granted *Apostol* motions like this one and ordered matters to proceed to trial. *See e.g.*, *Saenz v. Flores*, 2018 WL 3603111 (W.D. Tex. June 5, 2018) (certifying interlocutory appeal in a police shooting case as frivolous and ordering the matter to go to trial); *Estate of Robinson ex rel. Pers. Representative Andrea Irwin v. City of Madison, Wisconsin*, 2017 WL 685527 (W.D. Wis. Feb. 16, 2017) (same).*O'Keefe v. Schmitz*, No. 14-C-139, 2014 WL 1816922, at *2 (E.D. Wis. May 8, 2014) (qualified immunity frivolous when based upon defendants' view of the facts); *Lanza v. City of Chicago*, No. 08 C 5103, 2010 WL 5313483, at *2 (N.D. Ill. Dec. 20, 2010) (certifying defendant's immunity appeal as frivolous, disputed facts divest Seventh Circuit of jurisdiction); *Engel v. Buchan*, No. 10 C 3288, 2010 WL 5014156, at *2 (N.D. Ill. Dec. 3, 2010) (finding appeal frivolous because defendant was bound by other decision denying him qualified immunity); *Vladic v. Hamann*, No. 00 C 6739, 2002 WL 31248544, at *2 (N.D. Ill. Oct. 4, 2002) (appeal frivolous because it does not rest on a question of law); *Vidmar v. Chicago Bd. of Educ.*, No. 98 C 0951, 1999 WL 409929, at *5 (N.D. Ill. June 7, 1999) (appeal is "so thin on the merits that it is 'frivolous'"); *Carter v. O'Sullivan*, 924 F. Supp. 903, 908 (C.D. Ill. 1996) (district court certified appeal as frivolous). This Court should do the same.

**II.    Defendant Heaggan-Brown Contests Plaintiffs' Facts, and Those this Court Found At Summary Judgment**

This Court's thorough review of the extensive summary judgment record, and its determination that Heaggan-Brown must stand for trial in this matter, rested on recognition that (1) many, many facts are in dispute, (2) Plaintiffs' facts are amply supported by the record, and (3) adopting Plaintiffs' facts necessitates denying qualified immunity.

For example, this Court recognized that the facts (1) leading up to Heaggan-Brown's approach of Smith were disputed; (2) that the facts after the chase began and leading up to the first shot were disputed; and that the facts following the first shot and leading to the second were further disputed. *See* Dkt. 59, at 2 ("The circumstances of the officers' initial engagement with Smith are disputed."); *id.* at 3 n.2 ("Defendants claim that Heaggan-Brown got out of the car, activated his body camera, and, as Heaggan-Brown was considering approaching the vehicle, Smith quickly exited his vehicle and began to run. Plaintiffs, on the other hand, claim that Heaggan-Brown jumped out of his squad car, immediately unholstered his firearm and pointed it directly at Smith, tracking Smith with his pistol as Smith fled.") (citations omitted); *see also id.* at 3 n.3 (" Defendants claim Smith picked up the gun and held on to it before throwing it over the fence, while plaintiffs say Smith picked up the gun and tossed it over the fence, away from the officers, in a single, fluid motion. Plaintiffs also characterize the gun as contraband that Smith was trying to rid himself of."); *id.* at 4 ( Smith's precise physical movements, from falling near the fence to Heaggan-Brown firing the first shot, are disputed. . . . Plaintiffs also dispute that *any* verbal warning was given by officers prior to Smith being shot. What is agreed upon is that Heaggan-Brown subsequently shot Smith, leaving a wound in Smith's bicep."); *id.* at 4 ("Both sides contest the precise mechanics of the fall and moments before the second shot."). Indeed, even after Plaintiff explained in extensive detail his interpretation of the evidence, and the evidence that supports it, Heaggan-Brown (in his reply brief) continued to contest the facts. *See, e.g.*, Reply Br, Dkt. 57 at 2 (disputing that Heaggan-Brown escalated matters during the approach to the car); *id.* at 6-9 (disputing facts about the first and second shots).

Heaggan-Brown cannot now turn around and make new arguments for the first time on appeal—such arguments were waived by his refusal to follow the Summary Judgment standard

before this Court. *Hutt v. AbbVie Products LLC*, 757 F.3d 687, 695 (7th Cir. 2014) (arguments not made below are waived on appeal). And, *Apostol* specifically includes efforts to raise new, forfeited or waived, argument for the first time on appeal as a basis for this Court's certification that the appeal exceeds appellate jurisdiction. *Apostol*, 870 F.2d at 1339.

In addition, this Court made numerous summary judgment findings, including:

- "Considering the totality of the circumstances in the light most favorable to plaintiffs', I find that the plaintiffs' version of events, as supported by undisputed facts in the record, shows an unreasonable use of force by Heaggan-Brown in violation of Smith's rights under the Fourth Amendment. The officers did not engage Smith in response to reports of a serious crime, as is common where courts grant police officers qualified immunity. *Id.* at 8.

- "under plaintiff's version of events, there was *no* illegal conduct on Smith's part that would have warranted *any* police scrutiny, much less a crime involving the infliction (or threatened infliction) of *serious physical harm* necessary to justify deadly force. In fact, the officers, as captured over police radio, discuss trying to "be nosy" and to "see if we can get another foot chase," in the moments immediately prior to encountering Smith. *Id.*

- Plaintiffs' interpretation of the audio is the "seemingly obvious one based on the actual statements caught on audio." *Id.* at 9.

- As to the first shot, "Heaggan-Brown's actual shooting of Smith is objectively unreasonable on plaintiffs' version of events", because:
    - Smith was not in the midst of committing a violent crime nor did he pose

8

> a threat of serious physical harm to either the officers or those around him prior to the officers' engagement";
>   - under plaintiffs' version of events, Smith had not "done anything to even give officers probable cause to believe that he had committed a crime involving serious physical harm or threatened harm"; and
>   - there is no objective evidence a warning was given. *Id.*
- As to the second shot, the evidence is "clear is that Smith was on his back, his feet raised in the air, his hands above his head, and was located in a corner of the yard between the fence and a house, when Heaggan-Brown fired a second shot, this one into Smith's upper left chest." *Id.* at 5.
- The second gunshot was fatal. *Id.*
- The second shot was the "shooting of a subdued suspect," and that Smith was "in an incredibly vulnerable position: he was unarmed, on his back, hands above his head, and his palms open." *Id.* at 10.
- A reasonable jury could find that Heaggan-Brown's claim Smith might be "armed with a second weapon was unreasonable," *id.* at 11.
- **And, in fact**: "frankly, the defendants' argument that, in the course of Smith's fall, the movement of Smith's right hand near his waist being perceived by a reasonable officer as a movement for a second gun in his waistband is just not persuasive (at summary judgment, no less) given the court's review of video evidence that indicates Smith's hand was in the vicinity of his waistband for all of three camera stills before moving up towards his head, empty and palm open.
- **In the end:** What is clear from the footage (from both officers' body cameras) is

that Smith was prone and subdued in the moments leading up to Heaggan-Brown pulling the trigger for the second shot. Indeed "[f]rankly, it is difficult to think of a more vulnerable position that Smith's body could have been in during the moments leading up to Heaggan-Brown firing the second (and ultimately fatal) shot. *Id.* at 11.

In sum, in order for Heaggan-Brown to have any possible chance of defeating this motion, he needed to have accepted Plaintiffs' facts at summary judgment, but he did not. Heaggan-Brown needed to admit, that he *lied when he claimed that he fired a second time because he thought there was a second gun in the "waistband," as that is what the evidence would allow a reasonable jury to find.* Dkt. 51, at 24-26. But he did not—and will not. In addition, Heaggan-Brown must also be required to accept this Court's factual findings, including among other things that Sylville Smith was a subdued and unarmed non-violent suspect when he shot and killed him. Obviously, Heaggan-Brown has not, and will not, accept such findings. To the extent Heaggan-Brown intends to accept Plaintiff's version of events, and the facts this Court found at summary judgment, he must state so specifically in response to this motion. He must accept that he shot and killed a subdued, unarmed suspect, and *not* make reference to the (unreasonable, and incredible) "waistband" theory, which is false and contradicted by his contemporaneous actions. Heaggan-Brown must concede that Smith was running away from him, trying to disarm himself and never posed a threat of serious bodily harm to the officers, as this Court found.

It is clear why Heaggan-Brown refuses to accept these findings. If Heaggan-Brown were to accept this Court's findings, the appeal would be frivolous in a further way: it was of course clearly established in 2016 that Heaggan-Brown could not use deadly force against an unarmed individual without a reasonable basis to be in fear of great bodily harm or injury. *See Tennessee v.*

*Garner*, 471 U.S. 1, 11-12 (1985); *Sallenger v. Oakes*, 473 F.3d 731, 740 (7th Cir. 2007) (affirming denial of qualified immunity where parties disputed the extent and justification for blows administered to the head); *Sherrod v. Berry*, 856 F.2d 802, 805-06 (7th Cir. 1988) (*en banc*); *see also* Dkt. 59, at 15-16. Indeed, other Courts have found interlocutory appeals frivolous when such arguments are made. *See, e.g., Estate of Gonzales v. Hickman*, 2007 WL 3238722, at *3 (C.D. Cal. June 11, 2007) (same); *Wilson v. Maricopa Cty.*, 484 F. Supp. 2d 1015, 1021 (D. Ariz. 2006) (quoting *Apostol*,870 F.2d at 1339)).

### III. Heaggan-Brown Cannot Make New Arguments on Appeal To Attempt to Obtain Appellate Jurisdiction

Things being what they are—with Heaggan-Brown contesting Plaintiffs' facts at every juncture—Heaggan-Brown cannot raise new arguments on appeal that he never made to this Court. The orderly operation of the Courts, a concern that animated *Apostol*, is undermined if litigants were permitted to seek relief at the court of appeals and then, in an about face, take the entirely opposite position on appeal. *See Bertha v. Hain,* No. 18-3286, 2019 WL 4458390, at *3 (7th Cir. Sept. 18, 2019) ("When litigants change theories after losing in the district court, new arguments raised for the first time on appeal are waived." (citing *O'Gorman v. City of Chicago,* 777 F.3d 885, 890 (7th Cir. 2015)). Indeed, the Seventh Circuit has maintained this position for over a century. *See In re Veluchamy*, 879 F.3d 808, 821 (7th Cir. 2018) ("It is well established that a party waives the right to argue an issue on appeal if he failed to raise that issue before the lower court: 'It is axiomatic that an issue not first presented to the district court may not be raised before the appellate court as a ground for reversal.' '[A] question not presented to the lower court will not be considered upon appeal.'" (quoting, respectively, *Christmas v. Sanders*, 759 F.2d 1284, 1291 (7th Cir. 1985), and *Towle v. Pullen*, 238 F. 107, 111 (7th Cir. 1916) (citing *Harding v. Giddings*, 73 F. 335 (7th Cir. 1896)).

## Conclusion

In the end, whatever way you slice it, Heaggan-Brown cannot pursue an interlocutory appeal from the denial of summary judgment. For one, he disputes Plaintiffs' version of events, and has contested the factual findings made by this Court, of which he is bound. He has also forfeited any opportunity to accept Plaintiff's facts for the first time on appeal. But, even if he were to do an about-face and accept the facts against him, the appeal would still be frivolous because his actions were obviously unreasonable on Plaintiffs' facts. Accordingly, Plaintiff respectfully requests that this Court certify Defendant Heaggan-Brown's appeal as frivolous and beyond the jurisdiction of the appellate court and proceed with trial.

RESPECTFULLY SUBMITTED,

s/ David B. Owens
*One of Plaintiffs' Attorneys*

David B. Owens
Danielle O. Hamilton
LOEVY & LOEVY
311 North Aberdeen, 3FL
Chicago, IL 60607
(312) 243-5900

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was served on counsel of record on November 14, 2019 via the Court's CM/ECF filing system.

/s/ David B. Owens