# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**The ESTATE of SYLVILLE K. SMITH, by Personal Representative Mildred Haynes, Patrick Smith, and Mildred Haynes, on her own behalf,**

    **Plaintiffs,**

 v.              Case No. 17-C-862

**CITY OF MILWAUKEE, WISCONSIN, and DOMINIQUE HEAGGAN-BROWN,**

    **Defendants.**

## ORDER

  On October 18, 2019, I issued an order denying the defendants' motion for summary judgment based on qualified immunity. ECF No. 59. On October 28, the defendants filed notice of an appeal of this ruling to the United States Court of Appeals for the Seventh Circuit. ECF No. 61; ECF No. 65. On November 14, the plaintiffs filed a motion to certify Heaggan-Brown's interlocutory appeal as frivolous under *Apostol v. Gallion*, 870 F.2d 1335 (7th Cir. 1989). ECF No. 66. For the following reasons, plaintiff's motion is **DENIED**.

  A district court's denial of a qualified immunity claim, to the extent that it turns on an issue of law, is a "final decision" under 28 U.S.C. § 1291 and therefore can be appealed. *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985). Ordinarily, an appeal from such an order puts proceedings in the district court on hold until the appeal is resolved. However, if the claim of immunity (and, by extension, the appeal itself) is a "sham" or "unfounded," the notice of appeal does not

transfer jurisdiction to the court of appeals because a notice of appeal may be "so baseless that it does not invoke appellate jurisdiction." *Apostol*, 870 F.2d at 1339 (7th Cir. 1989) (citing *Richardson v. United States*, 468 U.S. 317, 322, 104 S.Ct. 3081, 3084, 82 L.Ed.2d 242 (1984)). In this instance, a district court may certify to the court of appeals that the appeal is frivolous and get on with the trial. *Id.* (citing *United States v. Dunbar*, 611 F.2d 985 (5th Cir.1980)).

Such a power, however, must be used with restraint. *Id. See also McMath v. City of Gary, Ind.*, 976 F.2d 1026, 1030 (7th Cir. 1992) (in admonishing courts to act with restraint, emphasized that right of pre-trial appeal regarding qualified immunity would be "eviscerated if district courts… could too easily certify even potentially meritorious appeals as frivolous."); *Gutierrez v. Kermon*, 722 F.3d 1003, 1009 (7th Cir. 2013) (district court finding that genuine issues of material fact exist "does not always preclude appellate review.") (quoting *Sallenger v. Oakes*, 473 F.3d 731, 738 (7th Cir.2007)). While I recognize that an appeal will delay ultimate resolution of the case and may pose a hardship to the plaintiffs, I do not believe defendant's appeal meets the high threshold of being so unfounded, baseless, or thin on the merits as to be a sham, or one taken in bad faith. *See Estate of Heenan ex rel. Heenan v. City of Madison*, 2015 WL 3539613, at *3 (W.D. Wis. June 5, 2015) ("[T]his court must decline to find that defendant… or his counsel have acted in bad faith by appealing this court's summary judgment decision, however likely it believes remand will ultimately be required."); *Hurt v. Vantlin*, 2017 WL 1709499, at *2 (S.D. Ind. May 3, 2017) (declining request to certify even where material issues of fact were recognized). *Compare Engel v. Buchan*, 2010 WL 5014156, at *1 (N.D. Ill. Dec. 3, 2010) ("truly unique circumstances" where non-movant "had previously

lost an appeal that is for all intents and purposes identical."); *Vladic v. Hamann*, 2002 WL 31248544, at *2 (N.D. Ill. Oct. 4, 2002) ("two diametrically opposed accounts" regarding critical issue in certifying appeal as frivolous). I cannot say defendant's appeal is a truly unique circumstance like those above, nor is it taken unscrupulously where the defendant has put forward, at minimum, honest points of contention. *See* ECF No. 67 at 8-9.

In closing, I acknowledge plaintiffs' arguments arising under the *Apostol* decision, *Johnson v. Jones*, 515 U.S. 304, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), and *Stinson v. Gauger*, 868 F.3d 516 (7th Cir. 2015), however I believe these are issues more appropriately put to the Seventh Circuit on appeal. *See* ECF No. 68. I also note that plaintiffs may also raise their arguments regarding appellate jurisdiction, as well as arguments relating to factual arguments defendant may try to make on appeal, with the Seventh Circuit. *See Jones v. Clark*, 630 F.3d 677, 680 (7th Cir. 2011) ("In a collateral-order appeal... where the defendants say that they accept the plaintiff's version of the facts, we will take them at their word and consider their legal arguments in that light. If, however, we detect a back-door effort to contest the facts, we will reject it and dismiss the appeal for want of jurisdiction."); *Gant v. Hartman*, 924 F.3d 445, 451 (7th Cir. 2019) (appellate argument relying on disputed facts led to dismissal of interlocutory appeal for lack of jurisdiction).

**THEREFORE, IT IS ORDERED** that the plaintiffs' motion to certify Heaggan-Brown's appeal as frivolous (ECF No. 66) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 19th day of December, 2019.

s/Lynn Adelman
LYNN ADELMAN
District Judge